# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAREMY CLAUSSEN, an individual, | Case No. 1:19-cv-01761-NONE-SKO |
| Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE STIPULATED PROTECTIVE ORDER** |
| v. | |
| FCA US LLC, a Delaware Limited Liability Company, et al., | (Doc. 21) |
| Defendants. | |

## I. INTRODUCTION

On August 20, 2020, the parties filed a request seeking Court approval of their Stipulated Protective Order. (Doc. 21.) The Court has reviewed the proposed stipulated protective order and has determined that, in its current form, it cannot be granted. For the reasons set forth below, the Court denies without prejudice the parties' request to approve the stipulated protective order.

## II. DISCUSSION

### A. The Protective Order Does Not Comply with Local Rule 141.1(c)

The proposed protective order does not comply with Rule 141.1 of the Local Rules of the United States District Court, Eastern District of California. Pursuant to Rule 141.1(c), any proposed protective order submitted by the parties must contain the following provisions:

(1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

(2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

(3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c). The stipulated protective order fails to contain this required information.

Local Rule 141.1(c)(1) requires "[a] description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information." The protective order, in its current form, does not sufficiently identify the types of information eligible for protection. (*See, e.g.,* Doc. 21 at 3 ("The Designating Party shall have the right to designate as 'Confidential' any Documents, Testimony, or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law."). The parties must include descriptions of the types of information that may be designated as "confidential." *See* E.D. Cal. L.R. 141.1(c)(1) (listing examples including "customer list," "formula for soda," and "diary of a troubled child.").

The protective order also fails to sufficiently identify the parties' need for protection of the unidentified information. As the parties do not present any *particularized* need for protection as to the identified categories of information to be protected, the protective order fails to comply with Local Rule 141.1(c)(2), which requires "[a] showing of particularized need for protection as to each category of information proposed to be covered by the order." The parties must include a specific statement as to why the types of information identified require protection.

Finally, the requirement of Local Rule 141.1(c)(3) is not addressed. In its current form, the protective order does not show "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties." The parties must include a statement regarding why the need for protection of the information at issue should be addressed by a court order as opposed to a private agreement.

**B.     The Parties' Stipulated Protective Order is Denied Without Prejudice**

The parties may re-file a revised proposed stipulated protective order that complies with Local Rule 141.1 and corrects the deficiencies set forth in this order.

### III.     CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the parties' request for approval of the Stipulated Protective Order (Doc. 21) is DENIED without prejudice to renewing the request.

IT IS SO ORDERED.

Dated:   **August 21, 2020**                              /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE